# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JIN LIN,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. _____ |

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Defendant Uber Technologies, Inc.[1] ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, removes this action from the Superior Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendant files this Notice without waiving any defenses to Plaintiff Jin Lin ("Plaintiff's") claims and does not concede that Plaintiff has stated claims upon which relief may be granted or that he is entitled to any damages.[2] In support of removal, Defendant states as follows:

---

[1] Plaintiff contracted with Portier, LLC, Raiser, LLC, and Schleuder, LLC, which are wholly-owned subsidiaries of Defendant, to use software platforms to locate transportation and delivery opportunities or lead referrals.

[2] By filing this initial pleading, Defendant does not waive its right to seek to compel Plaintiff to arbitration based on the arbitration agreements between Plaintiff and Portier, LLC and Rasier, LLC and Schleuder, LLC. Defendant intends to seek to compel Plaintiff to arbitration and expressly reserves its right to do so.

## I. INTRODUCTION

1. On September 9, 2025, Plaintiff Jin Lin ("Plaintiff") commenced a civil action against Defendant in the Superior Court of Gwinnett County, Georgia, entitled *Jin Lin v. Uber Technologies, Inc.*, Case No. 25-A-08487-11 (the "State Court Action") by filing a "Complaint for Employment Discrimination, Wrongful Termination, False Advertising, and Retaliation" ("Complaint").

2. In his Complaint, Plaintiff seeks to assert claims for racial discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Compl. ¶¶ 1, 3. Plaintiff also seeks to assert claims for "wrongful termination," citing a Georgia statute (O.C.G.A. 34-7-1), and "false advertising," citing a federal statute, 15 U.S.C. § 52. *Id.* ¶¶ 1, 22, 25. A copy of Plaintiff's Complaint is attached as **Exhibit A**.

3. Plaintiff served Uber with a copy of the summons and Complaint on February 11, 2026. This service constitutes Uber's first legal notice of the State Court Action for purposes of removal. A copy of the Service of Process is attached as **Exhibit B**. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of Uber's receipt of the Complaint.

4.    A true and correct copy of all process, pleadings, and orders served upon Uber in the State Court Action are attached as **Exhibit C**, as 28 U.S.C. § 1446(a) requires.

## II. BASIS OF REMOVAL

### A.    Federal Question and Supplemental Jurisdiction

5.    A defendant may remove an action to federal court under 28 U.S.C. § 1441(a) if the plaintiff's complaint falls within the original jurisdiction of the federal courts, including where the complaint presents a federal question. question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This action is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

6.    Specifically, Plaintiff's Complaint alleges that Defendant racially discriminated against him in violation of Title VII and committed false advertising in violation of federal law. *See* Compl. ¶¶ 1, 3, 22, and 25.

7.    Because the face of Plaintiff's Complaint pleads claims arising under federal statutes – Title VII and 15 U.S.C. § 52 – the Court has original jurisdiction over those claims under 28 U.S.C. § 1331, and the action may be removed. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district

3

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]").

8.      Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the allegations supporting those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue [for purposes of supplemental jurisdiction under § 1367(a)], we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."). Indeed, Plaintiff's federal and state law claims all arise out of Plaintiff's allegation that Uber wrongfully suspended and terminated Plaintiff's account. Compl. ¶¶ 14, 21.

### B.      Diversity Jurisdiction

9.      The Court also has original jurisdiction over this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

10.      A removing party must allege (i.e., not prove) diversity of citizenship, and, in the event a removal pleading is insufficient, the Court should allow the removing party an opportunity to cure any defects. *See Corp. Mgmt. v. Artjen Complexus*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also Dart Cherokee Basin*

*Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (holding that district courts must "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading"). Citizenship of an individual is established by residence in a state with the intention to remain there. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

11.     At the time Plaintiff filed his Complaint and at the time of this removal, Plaintiff was (and is) a citizen of Georgia. *See PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal."). Plaintiff himself alleges that he is currently a resident of Norcross, GA. *See* Compl. at 6. Plaintiff does not plead that he has any intent to change his residence to any other state, nor is there any other evidence to that effect. *See Duff v. Beaty*, 804 F. Supp. 332, 334 (N.D. Ga. 1992) ("A presumption exists that a person's domicile continues until that party proves that his/her domicile has changed."). Thus, Plaintiff is a citizen of the State of Georgia for the purposes of 28 U.S.C. § 1332.

12.     For diversity jurisdiction purposes, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e.,

its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

13.   At the time this action commenced, and as of the date of filing this Notice of Removal, Defendant is incorporated in Delaware and, as recognized by Plaintiff himself, maintain their corporate headquarters and principal place of business in California. *See* Compl. at 7. Therefore, Defendants are citizens of Delaware and California. Accordingly, complete diversity exists in this case, because the Plaintiff and Defendant are citizens of different States.

14.   A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. This is not an onerous burden. Under the "same liberal rules" that apply "to other matters of pleading," a notice of removal must contain sufficient nonconclusory factual allegations to plausibly allege that the federal court has subject-matter jurisdiction over the case. *Id.* at 81-82.

15.   "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). Thus, courts may rely upon their "judicial experience and common sense" in determining whether the case stated in a complaint meets federal

jurisdictional requirements. *Id.* at 1062. The amount in controversy is "an estimate of how much will be put at issue during the litigation[.]" *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). "[I]n other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *Id.*

16.    Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000 and this case is removable. Plaintiff alleges he is seeking $1,063,088.00 in damages from Defendant, including, among other things, emotional distress damages, and damages for alleged retaliation, discrimination, and harassment. Compl. at 27.

17.    While Defendant denies any and all liability to Plaintiff based on a conservative good faith estimate of the value of the alleged damages in this action, the alleged amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs.

## III.  VENUE

18.    The federal District Court and Division embracing the place where such action is currently pending—that is, Gwinnett County—is the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c). Thus, this Court is the appropriate venue for Plaintiff's claims, and the Action is properly removable to this Court. *See Hollis v. Fla. St.*

*Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("[A]s a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending.").

## IV.  NOTICE TO PLAINTIFF AND STATE COURT

19.    In accordance with 28 U.S.C. § 1446(d), Defendant has provided written Notice of the Removal to Plaintiff and has filed a copy of this Notice of Removal in the Superior Court of Gwinnett County, State of Georgia.[3] A copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits) is attached as **Exhibit D.**

## V.  RESERVATION OF RIGHTS

20.    Nothing in this Notice of Removal is intended to waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

## VI.  CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant Uber Technologies, Inc., respectfully requests this action now pending in the Superior Court of Gwinnett County, State of Georgia, be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

---

[3] Plaintiff is proceeding *pro se* and has not yet identified any legal counsel of record.

8

9

Respectfully submitted this 13th day of March, 2026.

> */s/ Pierre-Joseph Noebes*
> Pierre-Joseph Noebes, Bar No. 537216
> pnoebes@littler.com
> LITTLER MENDELSON, P.C.
> 3424 Peachtree Road N.E., Suite 1200
> Atlanta, GA  30326.1127
> Telephone:  404.233.0330
> Facsimile:   404.233.2361
> Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14-point font.

This 13th day of March, 2026.

*/s/ Pierre-Joseph Noebes*
Pierre-Joseph Noebes, Bar No. 537216

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I electronically filed the foregoing

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and

also sent a copy of the same via U.S. Mail and email to Pro Se Plaintiff as follows:

Jin Lin
929 N. Hampton Dr.
Norcross, GA 30071
Jasonlinusa137@gmail.com

*/s/ Pierre-Joseph Noebes*
Pierre-Joseph Noebes, Bar No. 537216